IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PRISCILLA A. FAXON, <br>                                            *Plaintiff,* <br> v. <br> THE UNIVERSITY OF VIRGINIA <br> HEALTH SYSTEM, <br>                                            *Defendant.* | CIVIL ACTION NO. 3:10-CV-00049 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

      The *pro se* Plaintiff, a registered nurse over the age of forty who was formerly employed by Defendant on an at-will basis, alleges "AGE DISCRIMINATION WITH HARASSMENT IN EMPLOYMENT," in violation of "Title VII. [*sic*] of the AGE DISCRIMINATION IN EMPLOYMENT ACT of 1967," and "BLACKLISTING TO PREVENT REHIRE," in violation of "VIRGINIA CODE 40.1-27." Plaintiff seeks "$92,000.00 and a hand written apology . . . from the President of the University of Virginia."

      Defendant filed a motion to dismiss (docket no. 4) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion to dismiss has been fully briefed.[1] As discussed herein, the Age Discrimination in Employment Act (the "ADEA") does not abrogate state sovereign immunity from private damages suits. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000); *E.E.O.C. v. Washington Suburban Sanitary Com'n*, 631 F.3d 174, 179

---

[1] A hearing on the motion was scheduled, but was cancelled. Because the facts and legal contentions are adequately presented in the materials before the court, oral argument would not aid the decisional process; accordingly, the motion will be decided without holding a hearing. Defendant's motion to dismiss included the notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing the *pro se* Plaintiff that, should she fail to respond to the motion to dismiss, the case could be dismissed for failure to prosecute. Plaintiff has responded to Defendant's motion.

(4th Cir. 2011). Accordingly, the motion to dismiss will be granted.

Plaintiff named "The University of Virginia Health System" as the sole defendant to this action. In its motion to dismiss (docket no. 4), Defendant states, "The University of Virginia Health System is not a legal entity. The University [of Virginia] presumes Plaintiff intended the University for her defendant and will proceed on that assumption." Plaintiff raises no dispute with this assertion. The University of Virginia is an arm of the state and is entitled to the Commonwealth's sovereign immunity. *See, e.g., Cominelli v. The Rector and Visitors of the University of Virginia*, 589 F. Supp. 2d 706, 716 (W.D. Va. 2008); *Rector and Visitors of Univ. of Va. v. Carter*, 267 Va. 242, 244 (2004); *Tigrett v. Rector & Visitors of the Univ. of Va.*, 97 F. Supp. 2d 752, 756 (W.D. Va. 2000).

The Eleventh Amendment protects the state against suits in federal court unless it is shown that Congress intended to abrogate the states' immunity with respect to a particular law. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 484 (4th Cir. 2005) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996)). The Supreme Court of the United States "specifically rejected Congress' attempt to abrogate Eleventh Amendment immunity with respect to . . . the ADEA." *Id*. at 496 (citing *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001), and *Kimel*, 528 U.S. at 91).

In sum, Defendant is an instrumentality of the Commonwealth of Virginia and is therefore immune from suit under the ADEA.[2] Accordingly, Defendant's motion to dismiss (docket no. 4) will be granted, and any pending motions will be denied as moot.

---

[2] Although Plaintiff invokes "Title VII," the complaint alleges only age discrimination, and Title VII does not prohibit discrimination on the basis of age. *See* 42 U.S.C. § 2000e-2 (protected categories under Title VII are race, color, religion, sex, and national origin). To the extent Plaintiff attempts to state a claim under state law, I decline, pursuant to 28 U.S.C. § 1367(c), to exercise jurisdiction over such claims.

The Clerk of the Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to the *pro se* Plaintiff and to counsel of record.

Entered this  7th  day of March, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE